DEFENDANT: DEJUAN THORNTON
CASE NUMBER: 02 CR 444-1

Judgment — Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of: 10 years on count one, which shall run concurrent to count two, for which the defendant shall be imprisoned for 327 months. The defendant shall serve 60 months on count three, which shall be served consecutively to counts one and two. It is recommended that the defendant participate in the Bureau of Prisons Comprehensive Drug Treatment Program.

☒ The court makes the following recommendations to the Bureau of Prisons: that defendant participate in the BOP Comprehensive Drug Treatment Program

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

FILED MAR 24 2003 CLERK, MICHAEL W. DOBBINS, U.S. DISTRICT COURT

DOCKETED MAR 26 2003

## RETURN

I have executed this judgment as follows:

Defendant delivered on  3-14-03  to  U.S. Penitentiary
at  Leavenworth, KS , with a certified copy of this judgment.

N.L. Conner Warden
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

98

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| DEJUAN THORNTON | Case Number: 02 CR 444-1 |
| | PRO SE |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  One, Two and Three of the indictment after Jury Trial
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922 | Possession of a firearm by a felon | 2/25/02 | One |
| 21 U.S.C. 841(a)(1) and 860(a) | Possession with the intent to distribute a Schedule I Narcotic Controlled Substance in a Public Housing Authority Facility | 2/25/02 | Two |
| 18 U.S.C. 924(c) | Using and carrying a firearm during and in relation to a Drug-Trafficking Offense | 2/25/02 | Three |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: NOVEMBER 11, 1967

Defendant's USM No.: 20791-424

Defendant's Residence Address:
4867 West St. Paul Street
Chicago, IL  60639

Defendant's Mailing Address:
4867 West St. Paul Street
Chicago, IL  60639

JANUARY 29, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN W. DARRAH, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

February 9, 2003
Date

FEB 10 2003

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: DEJUAN THORNTON
CASE NUMBER: 02 CR 444-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term three years on counts one and three and six years on count two, which shall all run concurrent. The defendant shall pay any financial penalty that remains unpaid at the commencement of the term of supervised release; provide the Probation Officer with access to any requested financial information; shall participate in a drug aftercare treatment program which may include urine testing at the direction of the Probation Officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the *defendant* pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DEJUAN THORNTON
CASE NUMBER: 02 CR 444-1

Judgment — Page 4 of 5

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 3,000.00 | $ |

*Preliminary Order Of Forfeiture (attached)

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ |
|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the ☒ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 02 CR 0444 |
| ) | Judge John W. Darrah |
| DEJUAN THORNTON ) | |
| a/k/a "Pablo," ) | |
| a/k/a "DeWayne Thornton" ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific properties pursuant to the provisions of Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) and the Court being fully informed hereby finds as follows:

(a) On May 1, 2002, an indictment was returned charging defendant DEJUAN THORNTON with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1).

(b) The indictment sought forfeiture to the United States of specific properties pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(c) On October 17, 2002, a jury trial was held before this Court.

(d) The jury found defendant DEJUAN THORNTON guilty, thereby making one Bryco, model 48, .380 caliber semiautomatic pistol, serial number 880479 and ammunition subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(e) Because of the defendant's conviction of the above violations, the government requests that on January 9, 2003, at the time of the defendant's sentencing hearing, this Court enter

an order finding that the defendant DEJUAN THORNTON did knowingly possess a firearm, in and affecting interstate commerce, and that the aforementioned firearm and ammunition are subject to forfeiture pursuant to the provisions 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

(f) Furthermore, because the properties are subject to forfeiture, when imposing sentence, the government will request that this Court enter a preliminary order of forfeiture so that the firearm and ammunition may be disposed of according to law.

(g) The United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against DEJUAN THORNTON and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all right, title and interest defendant DEJUAN THORNTON may have in the properties, namely, one Bryco, model 48, .380 caliber semiautomatic pistol, serial number 880479 and ammunition is hereby forfeited to the United States of America for disposition according to law;

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Department of the Treasury shall seize and take custody of the foregoing properties for disposition according to law;

3. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the properties according to law. The government may also, pursuant to statute, to the extent practicable, provide written notice to any person known to have an

alleged interest in the properties that are the subject of the preliminary order of forfeiture. The government is unaware, at this time, of anyone who qualifies for such notice;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), any person, other than the defendant, asserting a legal interest in the properties that have been ordered forfeited to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, petition the Court for a hearing to adjudicate the validity of this alleged interest in the properties. The hearing shall be held before the court alone, without a jury;

5. Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the properties which are the subject of this preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant DEJUAN THORNTON and shall be included in any judgment and commitment order entered in this case against him;

7. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOHN W. DARRAH
United States District Judge

DATED: January 29 2003

3

DEFENDANT: DEJUAN THORNTON
CASE NUMBER: 02 CR 444-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ 3,300.00 due immediately, balance due  Interest waived on fine

    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:




☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: DEJUAN THORNTON
CASE NUMBER: 02 CR 444-1

## STATEMENT OF REASONS
(Not for Public Disclosure)

[X] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __34__

Criminal History Category: __VI__

Imprisonment Range: __262__ to __327__ months

Supervised Release Range: Count 1=2yrs Ct2=6 yrs to __3 yrs__ years
Count 3=2 yrs

Fine Range: $ __17,500__ to $ __4,000,000__

[ ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: DEJUAN THORNTON
CASE 02 CR 444-1

## STATEMENT OF REASONS
(Not for Public Disclosure)

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

For the reasons stated on the record

### OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☐ for the following specific reason(s):