UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DeJuan Thornton-Bey
    Petitioner

V.

United States Of America
    Respondent.

No. 02-CR-0444

Judge Rebecca R. Pallmeyer

**FILED MAR 19 2018 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

## MOTION TO RECONSIDER

Now comes DeJuan Thornton-Bey before the Hon:Rebecca Pallmeyer to reconsider the denial of petitioners rule 60(b) relief on the two issues in Doc.#114 and states;

Issue #1 <u>Lack of Jurisdiction</u>.

1. John W.Darrah Lacked Jurisdiction to issue Judgement in Federal criminal cases. John W. Darrah created a vacant seat according to 63(c) Am Jur.2d, failure to timely file Oath, failure to assume duties of office or qualify id.116.
John W. Darrah failed to file his oath of office and Affidavit of appointment within 30-days, according to 5 U.S.C. §3332 and, 63(c) Am Jur. 2d public officers and Employees id.126.

(a) This Hon:Court claims in Doc.#128(order)pg.2 at para.3 that John W. Darrah addresed the concerns about his constitutional authority in the 2255 petition of case No.08-C-03999 Doc.#16 when John W. Darrah stated on pg.3 he was confirmed by U.S.Senate and recieved his commission as a Federal Judge on July 14,2000.Therefore, the court John W.Darrah has proper Jurisdiction in Federal cases before him.

(b) Petitioner states being confirmed and commissioned does not give one Jurisdiction to issue Judgements in Federal cases.That Jurisdiction comes when one has completed the process by filing his Oath of office and Affidavit within 30 days according to Title 5 U.S.C. §3332 and,63(c)Am Jur.2d public officers and employees id.126.

(c) John W.Darrah was confirmed June 30,2000 he was commissioned July 14,2000.He signed his oath of office etc.see Ex.#3 on Sept.1 of 2000. John W.Darrah was due Aug.14,2000,he filed it seventeen days later on Sept.1,2000,forfeiting his appointment to be a Federal Judge.

ISSUE #2, <u>void/fraud Judgement and commitment orders</u>;

(2) This Hon:court never addressed the second issue of petitioner motion on void/fraud Judgement commitment orders created by the court of John W.Darrah in its order Doc.#128.,id.see denial of

(1)

Petitioners relief motion under Rule 60(b).

(a) Petioner states the clerk of John W.Darrah prepared the Judgement and commitment order for case #02-cr-0444 on 1-29-2003 see Ex.#4.

(b) John W.Darrah signed the Judgement and commitment order on Feb.6,2003.See Ex.#4.

(c) On Feb.6,2003 or someday after before stamp filing the Judgement and commitment order the clerk made copies of the order One copy was for the B.O.P. see Ex.#5 and the other copy was for the probation office see Ex.#6. These two copies was also certified and stamped as true copy Attest"when in fact"they are not. This is to make the documents appear legal.This act violates 18 U.S.C. §§1001,1002,and 1017.Notice Ex.#5 and Ex.#6 has no case # or filing date,as does Ex.#4 on the top part.

(d) On Feb.6,2003 or someday after the clerk back dated the court Judgement and commitment order to the date of 1-29-2003 and to state case 02-cr-0444 Doc.#93 filed 1-29-2003 pg.1(of)8,page ID# 335,see Ex.#4. This act also is fraud Doc.#93 Ex.#4 was filed on 1-29-2003 before the Judge signed it Feb.6,2003.

(e) The B.O.P. has used the void/fraud Judgement commitment order Ex.#5 to detain petitioner for the past 15-years.

(f) Fed.R.Civ.P 79(a) states that each action must be entered in the docket sheet chronologically.,In the docket sheet of state case 02-cr-0444 Ex.#7 it states Action/Doc.#89"Judgement not entered on docket".

Action/Doc.#93 is senencing and sentencing only.Sentencing and Judgement and commitment order are two differnt actions and here the court combined the two togather as was done on Ex.#7,is doc. sheet violations of Fed.R.Civ.P 79(a).

Judgement and commitment order for 02-cr-0444 should have been action/Doc.#94.And since no Judgement and commitment order as to Action/Doc.#94 exist on the docket sheet"then no Judgement order as to and commitment was ever legally entered" according to Fed. R.Civ.P 58,and 79(a) against petitioner.

See Ex.#8,randy Vellef his docket sheet Action/Doc.#130 shows the proper way a Judgement order should be entered in the docket's.

(g) See Jones V. Jones Bro's.Construction Corp.,126 F.R.D.,54 (1989).id.USLEX 6629,June,1989 7th Cir. Which states a Judgement order does not become effective and enforceable its complied with Fed.R.Civ.P 58,placed on seperate document and entered into doc. sheet pursuant to Fed.R.Civ.P 79(a).

Thus this Hon:court must reconsider its denial of petitioners Rule 60(b) motion for relief,and grant said relief of imediate release from illegal detention due to acts of fraud on behalf of the courts action in the above two issues here within.

Respectfully Submitted By;

De'Jhan Thornton-Bey

3-12-2018

(2)



| LEONIDAS RALPH MECHAM<br>Director | ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS | CAROL S. SEFREN<br>Chief |
|---|---|---|
| CLARENCE A. LEE, JR.<br>Associate Director | WASHINGTON, D.C. 20544 | Judges Compensation and<br>Retirement Services Office |

May 9, 2005

Mr. Dejuan Thornton-Bey
#20791-424
Federal Correctional Institution
Post Office Box 400
Manchester, KY 40962

Dear Mr. Thornton-Bey:

    This is in response to your request for a copy of the oath of office form for a United States district judge in the Northern District of Illinois. Although the Administrative Office does not release copies of oaths, this letter confirms that the following judge has been appointed as a judge, and took the oath of office prescribed by law as noted below. The text of the oath of office for judges may be found in the United States Code at 28 U.S.C. § 453 and 5 U.S.C. § 3331.

| Name and Title | Oath of Office Date |
|---|---|
| Honorable John W. Darrah<br>United States District Judge | September 1, 2000 |

    Please also be advised that the Freedom of Information Act does not apply to "courts of the United States," an exemption that has been construed to extend to the entire federal judicial branch including the Administrative Office of the United States Courts and the Judicial Conference of the United States. See 5 U.S.C. § 551(1)(B), 552(f).

    Thank you for your inquiry.

Sincerely,

Dan S. Jackson
Deputy Chief

Ex #3

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA
v.
DEJUAN THORNTON

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 02 CR 444-1

PRO SE
Defendant's Attorney

DOCKETED
FEB 10 2003

**DEFENDANT:**

□ pleaded guilty to count(s) _____
□ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☒ was found guilty on count(s) One, Two and Three of the indictment after Jury Trial on a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922 | Possession of a firearm by a felon | 2/25/02 | One |
| 21 U.S.C. 841(a)(1) and 860(a) | Possession with the intent to distribute a Schedule I Narcotic Controlled Substance in a Public Housing Authority Facility | 2/25/02 | Two |
| 18 U.S.C. 924(c) | Using and carrying a firearm during and in relation to a Drug-Trafficking Offense | 2/25/02 | Three |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

□ The defendant has been found not guilty on count(s) _____
□ Count(s) _____ □ is □ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

JANUARY 29, 2003
Date of Imposition of Judgment

/s/ John W. Darrah
Signature of Judicial Officer

JOHN W. DARRAH, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

February 6, 2003
Date

Ex # 4

93

2245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA
v.
DEJUAN THORNTON

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 02 CR 444-1

PRO SE
Defendant's Attorney

**DEFENDANT:**

□ pleaded guilty to count(s) _____

□ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) One, Two and Three of the indictment after Jury Trial after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 922 | Possession of a firearm by a felon | 2/25/02 | One |
| 21 U.S.C. 841(a)(1) 860(a) | Possession with the intent to distribute a Schedule I Narcotic Controlled Substance in a Public Housing Authority Facility | 2/25/02 | Two |
| 18 U.S.C. 924(c) | Using and carrying a firearm during and in relation to a Drug-Trafficking Offense | 2/25/02 | Three |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

□ The defendant has been found not guilty on count(s) _____

□ Count(s) _____ □ is □ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: 20791-424

Defendant's Residence Address: _____

Defendant's Mailing Address: _____

JANUARY 29, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

JOHN W. DARRAH, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

February 6, 2003
Date

FEB 10 2003

Ex # 5

O 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1.

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA
v.
DEJUAN THORNTON

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 02 CR 444-1

PRO SE
Defendant's Attorney

DEFENDANT:

pleaded guilty to count(s) _____

pleaded nolo contendere to count(s) _____
which was accepted by the court.

was found guilty on count(s) One, Two and Three of the indictment after Jury Trial
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| U.S.C. 922 | Possession of a firearm by a felon | 2/25/02 | One |
| U.S.C. 841(a)(1) and 860(a) | Possession with the intent to distribute a Schedule I Narcotic Controlled Substance in a Public Housing Authority Facility | 2/25/02 | Two |
| U.S.C. 924(c) | Using and carrying a firearm during and in relation to a Drug-Trafficking Offense | 2/25/02 | Three |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Defendant has been found not guilty on count(s) _____

Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Soc. Sec. No.: _____
Date of Birth: _____
USM No.: 20791-424
Residence Address:
S. Paul Street
60639

Mailing Address:
S. Paul Street
60639

JANUARY 29, 2003
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

JOHN W. DARRAH, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

February 6, 2003

RECEIVED
FEB 1 1 2003
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
[signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: FEB 1 0 2003

23/96

Ex #6

| | | |
|---|---|---|
| | | other relevant proceedings by completing a {Criminal Justic Act} Form No. 24 and giving it to the district court." Neither Defendant nor his stand-by counsel has filed C.J.A. Form No. 24 and, therefore, motion to waive the cost of transcripts is denied [86-1] without prejudice. Mailed notice (meg) (Entered: 12/24/2002) |
| 01/21/2003 | 88 | MINUTE ORDER of 1/21/03 by Hon. John W. Darrah as to DeJuan Thornton : Sentencing set for 1/21/03 is stricken and reset to 1/29/03 at 1:30 p.m. Mailed notice (yap) (Entered: 01/22/2003) |
| 01/29/2003 | 89 | NOTICE OF APPEAL of final judgment by defendant DeJuan Thornton ( IFP) (Judgment not entered on docket) (mak) (Entered: 01/30/2003) |
| 01/29/2003 | 90 | DOCKETING STATEMENT by defendant DeJuan Thornton regarding appeal [89-1] . (mak) (Entered: 01/30/2003) |
| 01/29/2003 | 93 | SENTENCING/Judgment and Commitment Order of 1/29/03 by Hon. John W. Darrah : Sentencing DeJuan Thornton (1) count(s) 1, 2 , 3 . The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Ten (10) Years on Count One, which shall run concurrent to count two, for which the defenant shall be imprisoned for Three Hundred and Twenty (327) months. The defendant shall ser Sixty (60) Months on Count Three, which shall be served consecutively to counts one and two. The defendant is remanded to the custody of the United States Marshal. Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) Years on Counts One and Three and Six (6) Years on Count Two, which shall all run concurrent. The defendant shall pay a fine of $3,000.00. (Preliminary Order of Forfeiture). Schedule of Payments. Two Case terminated. (For further detail see order.) Mailed notice (meg) (Entered: 02/10/2003) |
| 01/30/2003 | | TRANSMITTED to the 7th Circuit the short record on appeal [89-1] as to DeJuan Thornton . Mailed notice to all counsel. (mak) (Entered: 01/30/2003) |
| 02/07/2003 | 91 | PRESENTENCE Investigation Report - sealed on DeJuan Thornton (RESTRICTED) (meg) (Entered: 02/07/2003) |
| 02/07/2003 | 92 | SENTENCING Recommendation - sealed on DeJuan Thornton (RESTRICTED) (meg) (Entered: 02/07/2003) |
| 02/07/2003 | 94 | TRANSCRIPT designation and order form as to DeJuan Thornton (meg) (Entered: 02/11/2003) |
| 02/10/2003 | | JUDGMENT and Commitment issued to U.S. Marshal Hon. John W. Darrah as to DeJuan Thornton (meg) (Entered: 02/10/2003) |
| 02/12/2003 | 95 | MOTION LETTER by defendant DeJuan Thornton to correct the record (kmt) (Entered: 02/14/2003) |
| 02/14/2003 | 96 | LETTER to Court from DeJuan Thornton dated 2/11/03 (meg) (Entered: 02/18/2003) |
| 02/19/2003 | 97 | ACKNOWLEDGEMENT of receipt of short record on appeal, re: as to DeJuan Thornton [89-1] USCA 03-1407 (las) (Entered: 02/20/2003) |

Ex #7

| 11/07/2005 | 123 | MINUTE entry before Judge Joan H. Lefkow as to Randy D. Veleff: For the reasons stated below, the district court hereby determines that it wishes to resentence the defendant. The Clerk is directed to forward a copy of this minute order to the United States Court of Appeals Seventh Circuit. Mailed notice (meg, ) (Entered: 11/09/2005) |
|---|---|---|
| 12/13/2005 | 124 | APPEAL record returned as to Randy Velleff consisting of 12 volumes of pleadings, 3 volumes of loose pleadings and 52 volumes of transcripts and 16 In camera materials: notice of appeal,,,, 106 (yap, ) (Entered: 12/15/2005) |
| 12/13/2005 | 125 | JUDGMENT of USCA (certified copy) as to Randy Velleff regarding notice of appeal,,,, 106 ; The judgment of the District Court is vacated and remanded, in accordance with the decisions of this court entered on 3/15/05 and 11/18/05. (yap, ) (Entered: 12/15/2005) |
| 12/13/2005 | 126 | ORDER of USCA (certified copy) as to Randy Velleff regarding notice of appeal,,,, 106 : Consequently, the government concedes that Velleff's sentence must be vacated. We agree. (yap, ) (Entered: 12/15/2005) |
| 08/18/2006 | 127 | MEMORANDUM by Randy Velleff in the interest of justice; Exhibits (pmp, ) (Entered: 08/21/2006) |
| 10/02/2006 | 128 | MINUTE entry before Judge Joan H. Lefkow as to Randy D. Velleff: Enter Order regarding sentencing. Defendant will be resentenced to a total of 300 months custody. Other than the change in the period of custody as set out in the Order regarding resentencing, all other provisions of the original judgment shall be re-imposed. The Clerk is directed to prepare a new judgment consistent with this opinion. Mailed notice (yap, ) (Entered: 10/03/2006) |
| 10/02/2006 | 129 | OPINION regarding resentencing as to Randy Velleff Signed by Judge Joan H. Lefkow on 10/2/06.Mailed notice (yap, ) (Entered: 10/04/2006) |
| 10/02/2006 | 130 | JUDGMENT (Sentencing Order) as to Randy Velleff (1): There was a jury verdict of guilty as to count 1, 2, 3, 4, 5. It is the judgment of this court that: the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of three hundred (300) months. The total of three-hundred (300) months includes two-hundred-forty (240) months on counts 2 and 5, and two-hundred-forty (240), and two-hundred-forty (240) on counts 1 and 4 to run concurrent to each other and to counts 2, and 5, plus sixty (60) months consecutive on count 3. Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years. The total of ten years includes three (3) years on count 1 and 4, ten years on counts 2 and 5, and five (5) years on count 3, all to run concurrent. Mandatory conditions of supervised release. Standard conditions of supervised release. Criminal monetary penalties. Signed by Judge Joan H. Lefkow on 10/2/06.Mailed copy to counsel of record (yap, ) (Entered: 10/04/2006) |
| 10/05/2006 |  | JUDGMENT and Commitment as to Randy Velleff issued to U.S. Marshal (meg, ) (Entered: 10/05/2006) |
| 10/30/2006 | 131 | LETTER from Randy Velleff dated 10/24/06. (yap, ) (Entered: 11/02/2006) |
| 10/30/2006 | 132 | |

Ex #8

Certificate of Mail

I DeJuan Thornton-Bey state I sent to the U.S. District Court Northern District of Illinois Eastern Division 219 S. Dearborn St Chicago IL 60604

A "Motion To Reconsider" the Denial of My Rule 60(b) Motion with Ex's 3 to 8.

Sent from USP Allenwood on date stated below.

DeJuan Thornton-Bey                    3-12-2018

DeJuan Thornton-Bey #20791-424
U.S.P Allenwood
P.O. Box 3000
White Deer PA 17887



RECEIVED
2018 MAR 19 AM 8:48



Mailed From
U.S. Penitentiary

Clerk of Courts
U.S. District Courthouse
219 S. Dearborn Street
Chicago IL 60604



03/19/2018-62